UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| EQWAN GARRETT, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>WENDY KNIGHT, )<br>)<br>Respondent. ) | No. 1:16-cv-03233-JMS-DML |

**Entry Discussing Petition for a Writ of Habeas Corpus
and Directing Further Proceedings**

Petitioner Eqwan Garrett was found guilty of several crimes following a jury trial in Marion County, Indiana. He is currently serving a 43-year sentence for these crimes. Mr. Garrett now seeks a writ of habeas corpus. For the reasons explained in this Entry, Mr. Garrett's petition for a writ of habeas corpus is **denied in part with respect to grounds one, two, three and four.** *See* infra p. 6. The respondent is **directed to further brief** the claims raised in ground five consistent with the instructions in section III. C.

## I. Background

District court review of a habeas petition presumes all factual findings of the state court to be correct, absent clear and convincing evidence to the contrary. *See Daniels v. Knight*, 476 F.3d 426, 434 (7th Cir. 2007). On post-conviction appeal, the Indiana Court of Appeals summarized the relevant facts and procedural history as follows:

> In 2007, after a year-long surveillance operation of a residence on North Pershing Avenue in Marion County, the Indianapolis Metropolitan Police Department (IMPD) suspected that the residence was used as a facility for the manufacture of cocaine. IMPD observed Garrett, along with several other individuals, frequent the residence approximately eight to ten times over the course of the surveillance. While conducting surveillance on July 24, 2007, Detective Jake Hart observed Garrett and two others park near the residence and carry a large duffle bag full of

rifles. On August 14, 2007, officers with IMPD's narcotic[s] division executed a 'no-knock' search warrant on the residence. SWAT team members Detective Garry Riggs, Sergeant Robert Stradling, and Officer Baker breached the residence through the front door using a battering ram. During this time, police officers loudly announced, '[P]olice, search warrant. Everybody get down on the ground!'

Upon entering the house, Detective Riggs and Sergeant Stradling noticed Garrett repeatedly popping out of the second bedroom, approximately ten to twelve feet away from them. Garrett again and again pointed a semi-automatic handgun at Detective Riggs and Sergeant Stradling. Each time, he attempted to fire the handgun, but it misfired. A second SWAT team entered the residence from the rear and secured Garrett in the second bedroom. Three other individuals were also in the house and arrested during the execution of the search warrant.

The police then searched the residence for evidence. In the kitchen, police recovered cocaine, digital scales, over $8,000, and an assault rifle. In the second bedroom, where police apprehended Garrett, they found a silver and black Smith & Wesson .40 caliber semi-automatic handgun within arm's length of Garrett. No other suspects were in the second bedroom. In the living room, police recovered an additional assault rifle, two handguns, and a magazine for the handgun found near Garrett. The weapons in the living room were within ten feet of where Garrett had stood in the second bedroom.

*Garrett v. State*, No. 49A05-1101-CR-2, slip op. at 1-2 (Ind. Ct. App. Aug. 31, 2011).

On August 15, 2007, the State charged Garrett under Cause Number 49G20- 0708-FA-167078 (FA-167078) with: conspiracy to commit dealing in cocaine, a Class A felony; dealing in cocaine, a Class A felony; possession of cocaine, a Class C felony; possession of a firearm by a serious violent felon (possession of a firearm by a SVF), a Class B felony; and pointing a firearm, a Class D felony. On January 22, 2009, the State moved to dismiss the charges, and the trial court granted the motion.

On August 25, 2009, the State charged Garrett under Cause Number 49G20- 0908-FA-74802 (FA-74802) with: Count I, conspiracy to commit dealing in cocaine, a class A felony; Count II, dealing in cocaine, a class A felony; Count III, possession of cocaine, a class C felony; Count IV, possession of a firearm by a SVF, a class B felony; Count V, pointing a firearm, a class D felony; and Count VI, possession of cocaine and a firearm, a class C felony. On November 3 and 4, 2010, a two-day jury trial was held on Counts I, II, III, V, and VI. The jury found Garrett guilty on Counts, I, V, and VI. The jury convicted Garrett on a lesser included offense on Count III and acquitted him on Count II. Garrett waived his right to a jury trial on Count IV, possession of a firearm by a SVF and, on November 24, 2010, the trial court found Garrett guilty.

> On appeal, Mr. Garrett argued that his convictions for possession of a firearm by a serious violent felon and pointing a firearm violated Indiana's constitutional prohibition of double jeopardy. A panel of the Court affirmed the trial court's judgment. *Id*. at 3.[1]

Dkt. 17-12.

On May 10, 2012, Mr. Garrett filed a petition for post- conviction relief. During the evidentiary hearing, Mr. Garrett's post-conviction counsel raised two claims of ineffective assistance of counsel. First, he argued ineffective assistance of trial counsel for the following reasons: failing to file a motion to suppress evidence; failing to make proper objections at trial; failing to effectively cross-examine the State's witness at trial; and failing to file a motion to dismiss under Criminal Rule 4. Dkt. 17-9, p. 34. Second, he argued ineffective assistance of appellate counsel for the following reasons: failing to argue that the criminal charges should have been discharged pursuant to Criminal Rule 4; and failing to argue sufficiency of the evidence. Dkt. 17-9, p. 36.

The trial court denied the petition. Dkt. 17-9, pp. 29-39. With respect to trial counsel's performance, the post-conviction court found that Mr. Garrett failed to meet his burden of proof to show that counsel made errors so serious they resulted in a denial of the right to counsel guaranteed under the Sixth Amendment. Dkt. 17-9, pp. 35-36. Similarly, as to appellate counsel, the post-conviction court found that Mr. Garrett failed to meet his burden of proof to show that counsel made errors so serious they resulted in a denial of the right to counsel guaranteed under the Sixth Amendment. Dkt. 17-9, p. 37.

---

[1] Mr. Garrett sought transfer to the Indiana Supreme Court where he raised the same issues. Dkt. 17-12. On November 16, 2011, the Indiana Supreme Court denied transfer. Dkt. 17-2.

On appeal from the denial of post-conviction relief, Mr. Garrett claimed that: 1) his trial counsel was ineffective for failing to move to suppress evidence obtained as a result of an allegedly illegal search and failing to file a proper motion to dismiss and/or discharge for the violation of Indiana Criminal Rule 4; and 2) he was denied a procedurally fair post-conviction relief hearing. Dkt. 17-9; dkt. 17-12, pp. 5-6. Mr. Garrett also argued that his direct appeal counsel rendered ineffective assistance by failing to raise the Indiana Criminal Rule 4 issue on appeal and for failing to challenge the "sufficiency of the evidence for his conviction of conspiracy to commit dealing in cocaine." Dkt. 17-12, p. 18. Finally, Mr. Garrett argued that his post-conviction counsel was ineffective because he "should have amended his petition for post-conviction relief to add other claims, submitted additional evidence at the hearing, and submitted proposed findings of facts and conclusions thereon." Dkt. 17-9, pp. 6, 24-27; dkt. 17-12, p. 24.

On November 5, 2015, the Indiana Court of Appeals affirmed the denial of post-conviction relief. Dkt. 17-12.

On transfer to the Indiana Supreme Court, Mr. Garrett raised only two issues: 1) the Indiana Court of Appeals erred when it incorrectly applied the law with respect to his argument that his criminal charges should have been dismissed pursuant to Indiana Criminal Rule 4; and 2) whether his direct appeal counsel was ineffective for failing to challenge the sufficiency of the evidence with respect to his conviction for conspiracy to commit dealing in cocaine. Dkt. 17-13, pp. 6-7. On March 31, 2016, the Indiana Supreme Court denied transfer. Dkt. 17-2, p. 7.

Mr. Garrett filed this action on November 29, 2016. Dkt. 1.

## II. Applicable Law

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). "Under the current regime governing federal habeas corpus for state prison inmates, the

inmate must show, so far as bears on this case, that the state court which convicted him unreasonably applied a federal doctrine declared by the United States Supreme Court." *Redmond v. Kingston,* 240 F.3d 590 (7th Cir. 2001) (citing 28 U.S.C. § 2254(d)(1); *Guys v. Taylor*, 529 U.S. 362 (2000); *Morgan v. Krenke*, 232 F.3d 562 (7th Cir. 2000)). Thus, "under AEDPA, federal courts do not independently analyze the petitioner's claims; federal courts are limited to reviewing the relevant state court ruling on the claims." *Rever v. Acevedo*, 590 F.3d 533, 536 (7th Cir. 2010). "A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner." *Brown v. Payton*, 544 U.S. 131, 141 (2005) (internal citations omitted). "The habeas applicant has the burden of proof to show that the application of federal law was unreasonable." *Harding v. Sternes*, 380 F.3d 1034, 1043 (7th Cir. 2004) (citing *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002)).

### III. Discussion

Mr. Garrett raises five grounds in his petition:

*Ground One*: ineffective assistance of trial counsel because trial counsel failed to challenge the probable cause for the search warrant;

*Ground Two*: ineffective assistance of trial counsel because trial counsel failed to file a motion to dismiss for a violation of Indiana Criminal Rules 4(B) and (C);

*Ground Three*: ineffective assistance of appellate counsel because appellate counsel failed to raise as an issue on direct appeal the violation of Indiana Criminal Rules 4(B) and (C);

*Ground Four*: ineffective assistance of appellate counsel because appellate counsel failed to argue the evidence was insufficient to support a judgment of conviction for conspiracy to commit dealing in cocaine as a Class-A felony;

*Ground Five*: ineffective assistance of post-conviction counsel because post-conviction

counsel failed to amend Mr. Garrett's petition for post-conviction relief, failed to present or otherwise preserve for the record items of material evidentiary value exculpatory to Mr. Garrett; and failed to submit proposed findings of fact.

The respondent argues that grounds one, two, three, and five are procedurally defaulted. The Court agrees with respect to grounds one, two, and three.

**A. Procedurally Defaulted Grounds:**

"Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts." *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). To meet this requirement, a petitioner "must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.* at 1025-26. In Indiana, that means presenting his arguments in a petition to transfer to the Indiana Supreme Court. *Hough v. Anderson*, 272 F.3d 878, 892 (7th Cir. 2001). A federal claim is not fairly presented unless the petitioner "put[s] forward operative facts and controlling legal principles." *Simpson v. Battaglia*, 458 F.3d 585, 594 (7th Cir. 2006) (citation and quotation marks omitted). Procedural default "occurs when a claim could have been but was not presented to the state court and cannot, at the time that the federal court reviews the habeas petition, be presented to the state court." *Resnover v. Pearson*, 965 F.2d 1453, 1458 (7th Cir. 1992). "A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim." *Lewis*, 390 F.3d at 1026.

**1. Ground One**

Garrett raised ground one in his appeal of the denial of the motion for post-conviction relief to the Indiana Court of Appeals. However, he did not present this issue in his petition for transfer

to the Indiana Supreme Court. *See* Dkt. 17-13. (Garrett's Petition for Transfer filed May 11, 2016). Because Mr. Garrett did not fairly present this claim to each and every level in the state court system, he failed to exhaust his state court remedies. At this juncture, this failure constitutes a procedural default of this ground.

"A procedural default can be overlooked when the petitioner demonstrates cause for the default and consequent prejudice, or when he shows that a fundamental miscarriage of justice will occur unless the federal court hears his claim." *Wilson v. Briley*, 243 F.3d 325, 329 (7th Cir. 2001) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). However, Mr. Garrett does not address the procedural default issue or make the required showing. Rather, he argues that he did exhaust. Specifically, he states:

> (a) This ground for habeas relief was decided on the merits by the State courts through Mr. Garrett's Petition for Post-conviction Relief, and the remedies for which were exhausted in the State courts through appeal from denial of post-conviction relief and denial of Mr. Garrett's Petition to Transfer to the Indiana Supreme Court after denial of post-conviction relief was denied. (*Garrett v. State*, Mem. Dec., 11/05/15, 49A02-1408-PC-589) ("Mem. Dec.").

Dkt. 5, p. 1. However, this paragraph merely asserts that Mr. Garrett exhausted his state court remedies. The record shows otherwise. He also fails to argue that a fundamental miscarriage of justice will occur. Accordingly, Mr. Garrett is not entitled to habeas relief on ground one, ineffective assistance of trial counsel for failing to challenge the search warrant.

### 2. Grounds Two and Three

Mr. Garret argues that both trial counsel and appellate counsel were ineffective because they failed to raise the issue of Indiana Criminal Rule 4. The respondent argues that Mr. Garrett procedurally defaulted grounds two and three for failing to exhaust his state court remedies.

Specifically, she argues that he failed to present these issues in his petition for transfer to the Indiana Supreme Court. *See* Dkt. 17-13. Rather, she describes the argument in his petition to transfer regarding Indiana Criminal Rule 4 as a freestanding claim of error, presumably because Mr. Garrett's transfer petition argues the merits of Indiana Criminal Rule 4, rather than arguing that both trial and appellate counsel were ineffective for failing to raise his Indiana Criminal Rule 4 claim. The respondent is correct.

In his transfer petition, Mr. Garrett titles his argument regarding Indiana Criminal 4 as follows:

> 1. Whether the Court of Appeals in cause 49A02-1408-PC-589 has incorrectly applied law against Arguments held in the Appellants brief under criminal rule 4(b) and (c)

Dkt. 17-13, p. 2.

Fair presentment requires the petitioner to give the state courts a meaningful opportunity to pass upon the substance of the claims later presented in federal court. In the interests of federal-state comity, both the operative facts and controlling law must be put before the state courts. Fair presentment, however, does not require a hypertechnical congruence between the claims made in the federal and state courts; it merely requires that the factual and legal substance remain the same. *Anderson v. Benik,* 471 F.3d 811, 814-15 (7th Cir. 2006).

There are four factors to consider when determining whether a petitioner has fairly presented his federal claim to the state courts: 1) whether the petitioner relied on federal cases that engage in a constitutional analysis; 2) whether the petitioner relied on state cases which apply a constitutional analysis to similar facts; 3) whether the petitioner framed the claim in terms so particular as to call to mind a specific constitutional right; and 4) whether the petitioner alleged a pattern of facts that is well within the mainstream of constitutional litigation. *Id.* It is the task of

this Court to assess whether the Indiana Supreme Court was sufficiently alerted to the federal constitutional nature of Mr. Garrett's claim to permit it to resolve the Criminal Rule 4 issue on a federal basis. *Ellsworth v. Levenhagen,* 248 F.3d 634, 639 (7th Cir. 2001) (quotation marks and citations omitted).

Applying the *Anderson* four-part test, Mr. Garrett's transfer petition to the Indiana Supreme Court on his post-conviction appeal did not fairly present an ineffective assistance of either trial or appellate counsel regarding their failure to seek relief for a violation of Indiana Criminal Rule 4. With respect to the first and second part of the *Anderson* test, Mr. Garrett's case citations all refer to Indiana cases that discuss the application of the Indiana speedy trial rules. He does not cite any federal cases and the only constitutional analysis in the Indiana cases Mr. Garrett referenced is the speedy trial protections of the Sixth Amendment to the Constitution and Article 1, Section 12 of the Indiana Constitution. *State v. Roberts*, 171 Ind. App. 537, 358 N.E.2d 181, 183 (Ind. App. 1976); *Raber v. State*, 622 N.E.2d 541, 544 (Ind. Ct. App. 1993).[2] The Indiana cases he cited do not discuss or even reference claims of ineffective assistance of trial or appellate counsel applying *Strickland v. Washington*, 466 U.S. 668 (1984). Nor does Mr. Garrett cite *Strickland*. Thus, this claim was never presented to the Indiana Supreme Court as a federal claim.

With respect to part three of the *Anderson* test, in his transfer petition, Mr. Garrett framed his argument as one of a misapplication of Criminal Rule 4 by the Indiana Court of Appeals rather than a failure of trial or appellate counsel to raise Criminal Rule 4. Finally, in his recitation of the facts on transfer, Mr. Garrett does not set forth any facts that resemble an ineffective of counsel claim. Again, the words ineffective assistance of counsel do not even appear nor is there any

---

[2] Abrogated on other grounds by *Clark v. State*, 659 N.E.2d 548 (Ind. 1995).

description of how his counsel was allegedly ineffective for failing to argue that his criminal case should be dismissed pursuant to Indiana Criminal Rule 4.

It is true that the claims presented in state and federal courts need not be exact replicas of each other to satisfy the fair presentment requirement, *see Kurzawa v. Jordan*, 146 F.3d 435, 441 (7th Cir. 1998), but Mr. Garrett's argument on transfer did not even alert the reader that ineffective assistance of counsel was a topic. This is insufficient to preserve a claim based on ineffective trial and appellate counsel for purposes of federal habeas corpus relief. Thus, this Court finds the Indiana Supreme Court was not sufficiently alerted to an ineffective assistance of trial and appellate counsel claim. Because Mr. Garrett failed to raise this issue at each and every level in the state court system he failed to exhaust his state court remedies which constitutes procedural default of these grounds.

Similar to Ground One, Mr. Garrett argues he did exhaust. As to Ground Two he states:

> (a) This ground for habeas relief was decided on the merits by the State courts through Mr. Garrett's Petition for Post-conviction Relief, and the remedies for which were exhausted in the State courts through appeal from denial of post-conviction relief and denial of Mr. Garrett's Petition to Transfer to the Indiana Supreme Court after denial of post-conviction relief was denied. (*Garrett v. State*, Mem. Dec., 11/05/15, 49A02-1408-PC-589).

Dkt. 5, p. 3.

And as to Ground Three, he states:

> (a) This ground for habeas relief was decided on the merits by the State courts through Mr. Garrett's Petition for Post-conviction Relief, and the remedies for which were exhausted in the State courts through appeal from denial of post-conviction relief and denial of Mr. Garrett's Petition to Transfer to the Indiana Supreme Court after denial of post-conviction relief was denied. (*Garrett v. State*, Mem. Dec., 11/05/15, 49A02-1408-PC-589).

Dkt. 5, p. 3.

Again, these paragraphs merely assert that Mr. Garrett exhausted his state court remedies. As set forth above, the record shows that Mr. Garrett did not present these arguments to the Indiana Supreme Court. Accordingly, Mr. Garrett is not entitled to habeas relief on grounds two and three.

**B. Garrett's Claim of Ineffective Assistance of Appellate Counsel – Ground Four**:

Here, Mr. Garrett argues that appellate counsel was ineffective for failing to challenge the sufficiency of the evidence with respect to his conviction for conspiracy to commit dealing in cocaine. Dkt. 5. The respondent concedes this claim was not procedurally defaulted, dkt. 17, p. 10, and the Court agrees. Thus, the Court will address this claim on the merits.

1. *Ineffective assistance of counsel standard*:

*Strickland v. Washington*, 466 U.S. 668, 684 (1984), supplies the clearly established Federal law, as determined by the Supreme Court of the United States that governs a claim of ineffective assistance of counsel.

> *Strickland* recognized that the Sixth Amendment's guarantee that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense" entails that defendants are entitled to be represented by an attorney who meets at least a minimal standard of competence. Id., at 685–687, 104 S.Ct. 2052. "Under Strickland, we first determine whether counsel's representation 'fell below an objective standard of reasonableness.' Then we ask whether 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Padilla v. Kentucky*, 559 U.S. 356, 366, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010) (quoting *Strickland*, supra, at 688, 694, 104 S.Ct. 2052).

*Hinton v. Alabama*, ––– U.S. –––, 134 S.Ct. 1081, 1087-88 (2014)(parallel citations omitted). The Supreme Court framed the determinative question as "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. This Court must give "double deference" to the state court's ruling on ineffective assistance of counsel claims because habeas review under AEDPA requires a habeas court to give the state court and the defense attorney the benefit of the doubt. *Woods v. Donald*, 575 U.S. –––, 135 S.Ct. 1372, 1376 (2015).

    2. *Indiana Court of Appeals' Application of Strickland to the Sufficiency of the Evidence Claim*:

In addressing Mr. Garrett's claim of ineffective assistance of appellate counsel for failing to challenge the sufficiency of the evidence, the Indiana Court of Appeals recognized and applied the *Strickland* standard. *Garrett v. State*, No. 49A02-1408-PC-589, slip op. at 18 (Ind. Ct. App. Nov. 5, 2015). Dkt. 17-12.

In Indiana, to convict Mr. Garrett of conspiracy, the State was required to prove that, with the intent to commit dealing in cocaine, he agreed with others to possess or manufacture more than three grams of the drug and that he performed an overt act in furtherance of the agreement. *See* Ind. Code § 35-41-5-2. As correctly set forth by the respondent, at trial the evidence demonstrated that Mr. Garrett was under surveillance for approximately a year before police secured a search warrant. Trial Tr. 48-49, 54. During this time, officers observed Mr. Garrett and several other alleged conspirators, including Courtney Long, Willie Stott, and James Sublett visit the house regularly. Trial Tr. 59, 84. Mr. Garrett was personally observed entering the house about twice a month during this time. Trial Tr. 59, 84.

> On July 24, 2007, an officer saw Long, Sublett, and Garrett traveling together in a car that was registered to Stott. The officer followed them to the Pershing Avenue

house, where he saw the three men get out of the car and enter the house together. The officers saw the men carrying a duffle bag with rifle muzzles sticking out. Dkt. 17-12, pp. 20-21.

When the officers executed the search warrant at the house, Stott, Long, Sublett and Garrett were present. A team of officers used a battering ram to open the front door. It took four to six strikes to force the door open because it was being propped up by a piece of wood inside of the house. The officers loudly identified themselves as police officers as they entered. Once they were inside, they secured three of the men, but Garrett popped out of a doorway three to four times, ten to fifteen feet from the officers. He pointed a handgun at the officers and moved his hand in a manner consistent with attempting to fire the gun. The gun did not fire because, although there was a round in the gun's chamber, the magazine had been removed from the gun, rendering it inoperable. Another team of officers entered the house through the back door and secured Garrett in a bedroom. All four men were wearing latex gloves, which an officer testified is a practice consistent with persons involved in manufacturing crack cocaine.

Meanwhile, the first team of officers found an assault rifle and two handguns in the front room. Later, another assault rifle was found in the kitchen, and a handgun was found in the room where Garrett had been subdued.

The house was not being used in a manner that was consistent with a residence. There was relatively little furniture and very few decorations. Only one of the bedrooms contained a bed, which lacked sheets, and there were very few clothes in either bedroom. Firearms and bullets were scattered throughout the common areas of the house. The assault rifles contained magazines and were ready to fire.

In the kitchen, officers found few dishes. They opened one cabinet and found two digital scales that had cocaine residue, next to a box of baking soda. A detective testified that scales are commonly used to measure narcotics into smaller amounts, and baking soda is used to mix with powder cocaine to make crack cocaine. On top of the cabinet, they found blue porcelain bowls that contained 61.93 grams of cocaine, an amount that an officer explained is more consistent with dealing in cocaine rather than merely using it. The officers also found stacks of twenty dollar bills on top of another cabinet, $8,000 in total. The police characterized the house as a "stash house," where a small group of narcotics dealers process drugs for sale. Trial Tr. p. 409.

Meanwhile, officers had placed the four men in an enclosed front porch area that had previously been searched for contraband and deemed secure. Officers found two small baggies of cocaine near the four men during the process of searching the house. In addition, the officers searched Garrett before he was taken to jail, and they found a third baggie of cocaine on his person. The officers did not find any items in the house or on Garrett's person that could be used to consume cocaine.

*Garrett v. State*, No. 49A02-1408-PC-589, slip op. at 21-23 (Ind. Ct. App. Nov. 5, 2015).

The Indiana Court of Appeals found that this evidence was more than sufficient for a jury to conclude beyond a reasonable doubt that Mr. Garrett agreed to join Stott, Long, and Sublett to deal in cocaine in an amount greater than three grams and was well aware of the cocaine manufacturing operation at the Pershing Avenue house. The court concluded that based on the evidence, if his appellate attorney had challenged the sufficiency of the evidence supporting the conviction, that claim would have failed and that counsel did not render deficient performance by failing to present a futile claim, and the post-conviction court did not err in ruling against Mr. Garrett on this issue. Dkt. 17-12, pp. 23-24. This assessment – resting on the first prong of a claim of ineffective assistance of counsel – is compatible with the federal *Strickland* standard. And because of this reasonable application of the controlling federal standard, "[u]nder AEDPA ... it cannot be disturbed." *Hardy v. Cross*, 565 U.S. 65 (2011).

**C. Garrett's Claim of Ineffective Assistance of Post-Conviction Counsel - Ground Five:[3]**

Finally, in his petition, Mr. Garrett's raises new claims of ineffective assistance of trial counsel and appellate counsel. For the reasons set forth above, these claims are procedurally defaulted because he failed to raise them at any stage of the state court proceedings. In an attempt to overcome procedural default, Mr. Garrett argues that his post-conviction counsel was ineffective for failing to amend his petition for post-conviction relief to raise claims of ineffective assistance of trial counsel and appellate counsel.

---

[3] In Ground Five, Mr. Garrett includes nine subparts to his argument that post-conviction counsel was ineffective for failing to amend the petition for post-conviction relief to argue that trial counsel and appellate counsel was ineffective. As explained in section III.C., the Court will only address subparts 1, 2, 4, 6, and 8.

A freestanding claim of ineffective assistance of post-conviction counsel is not a basis of relief. The ineffectiveness of counsel during Federal collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254. *Coleman v. Thompson*, 501 U.S. 722, 724 (1991). Thus, to the extent Mr. Garrett's argues post-conviction counsel was ineffective, this is not a basis for relief. However, a claim of ineffective assistance of post-conviction counsel may be used to excuse the procedural default of a claim of ineffective assistance of trial counsel.

Recently, a divided panel of the Seventh Circuit held that the doctrine of *Martinez v. Ryan*, 566 U.S. 1 (2012) and *Trevino v. Thaler*, 569 U.S. 413 "applies to Indiana procedures governing ineffective assistance of trial counsel claims." *Brown v. Brown*, 847 F.3d 502, *reh'g en banc denied*, 869 F.3d 507 (7th Cir. 2017) (cert. denied). Stated another way, a petitioner may overcome procedural default of a claim of ineffective assistance of trial counsel by demonstrating ineffective assistance of post-conviction counsel for failing to raise a substantial claim of ineffective assistance of trial counsel. However, *Brown* is limited to claims of ineffective assistance of post-conviction counsel for failing to raise ineffective claims of trial counsel because the Supreme Court recently refused to expand the *Martinez-Trevino*[4] exception to defaulted claims of ineffective assistance of appellate counsel. *Davila v. Davis*, 582 U.S. ____ , 137 S.Ct. 2058 (2017).

Based on *Davila*, any claims of ineffective assistance of post-conviction counsel for failing to raise ineffective claims of appellate counsel may not proceed. Here, in ground five, Mr. Garrett attempts to excuse the procedural default of his ineffective assistance of appellate counsel claims in subparts 3, 5, 7, and 9. *See* dkt. 5, pp. 5-6. The Court will not address these subparts because

---

[4] The reasoning of *Martinez-Trevino* applies to excuse procedural default of trial ineffective assistance of counsel claims when the default is the result of post-conviction counsel's ineffective assistance.

they remain procedurally defaulted. Rather, the Court will limit its inquiry to whether Mr. Garrett's claims of trial court ineffectiveness were procedurally defaulted because of post-conviction counsel's failure to amend the petition for post-conviction relief and assert claims of ineffective assistance of trial counsel.

At post-conviction, Mr. Garrett argued his trial counsel was ineffective for the following reasons:

    1. failing to file a motion to suppress evidence;

    2. failing to make proper objections at trial;

    3. failing to effectively cross-examine the State's witnesses at trial; and

    4. failing to file a motion to dismiss under Criminal Rule 4.

Dkt. 17-9, p. 34.

With respect to Mr. Garrett's claim that post-conviction counsel was ineffective for failing to amend the petition for post-conviction relief, there are five subparts that concern trial counsel, subparts 1, 2, 4, 6, and 8. They state:

> 1. Trial counsel's failure to file a pre-trial motion to preclude statement regarding "latex gloves" as such evidence was not photographed, collected at the scene, or acknowledged in the detective's probable cause affidavit;
>
> 2. Trial counsel's failure to seek to preclude, either through a timely motion in limine or timely objection, reference to the location on North Pershing Avenue as a "stash house";
>
> 4. Trial counsel's failure to move for a mistrial after Detective Hart stated, before the jury, he knew why all four (4) men, including Garrett, arrested at North Pershing wore gloves and that the purpose was some form of "retaliation";
>
> 6. Trial counsel's failure to move to preclude, either through a timely motion in limine or through timely objection jurors from viewing cumulative photographs of various weapons and alleged narcotics as the probative value of the photographs was far outweighed by their unfair prejudicial effect;

8. Trial counsel's failure to object to the trial court's dismissal of the counts under cause number 49G20-0708-FA-167078 or, in the alternative, moved to have them dismissed with prejudice, as time under Indiana Criminal Rule 4(B) and 4C would have continued to run.

Dkt. 5, pp. 5-6.

Subpart 8 was raised at post-conviction and was unsuccessful. Dkt. 17-9, p. 35. Thus, post-conviction counsel was not ineffective for failing to amend the petition to raise this claim. Post-conviction counsel's performance did not cause Mr. Garrett to procedurally default that claim. Rather, as discussed in detail in section A.2., Mr. Garrett failed to raise this issue in his petition to transfer and thus it is procedurally defaulted.

However, with respect to subparts 1, 2, 4, and 6, based on the record, the Court is not able to conclude whether these claims are procedurally defaulted based on post-conviction counsel's failure to amend the petition for post-conviction relief.

## IV. Further Proceedings

Thus, **the respondent is directed** to brief whether or not the arguments in Ground 5 subparts 1, 2, 4, and 6, [dkt. 5, pp. 5-6], are procedurally defaulted because they were adequately raised in his petition for post-conviction relief. In the event Mr. Garrett is able to overcome procedural default of trial counsel claims based on ineffective assistance of post-conviction counsel, **the respondent is directed** to also brief whether trial counsel was ineffective for failing to take the actions Mr. Garrett alleges were ineffective.

The respondent shall have **through June 8, 2018**, to file a supplement brief. The petitioner shall have twenty-one days from the filing of the respondent's brief to file a reply.

**IT IS SO ORDERED**.

Date: 5/10/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Henry A. Flores, Jr.
INDIANA ATTORNEY GENERAL
henry.flores@atg.in.gov

Kelly A. Loy
OFFICE OF THE INDIANA ATTORNEY GENERAL
kelly.loy@atg.in.gov

Mark Small
ATTORNEY AT LAW
marksmall2001@yahoo.com