UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| EQWAN GARRETT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:16-cv-03233-JMS-DML |
| ) | |
| WENDY KNIGHT, ) | |
| ) | |
| Respondent. ) | |

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner Eqwan Garrett was convicted of several drug and firearm-related charges in an Indiana state court. Mr. Garrett now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court previously denied his first four grounds for relief and claims 3, 5, 7, 8, and 9 of his fifth ground for relief and ordered the parties to brief claims 1, 2, 4, and 6, made in his fifth ground for relief. Dkt. 23. The Court finds that the four remaining claims of ineffective assistance of trial lack merit even if they had not been procedurally defaulted. Therefore, Mr. Garrett's petition for a writ of habeas corpus is **denied** and a certificate of appealability will not issue.

**I.**
**Background**

Federal habeas review requires the Court to "presume that the state court's factual determinations are correct unless the petitioner rebuts the presumption by clear and convincing evidence." *Perez-Gonzalez v. Lashbrook*, 904 F.3d 557, 562 (7th Cir. 2018); *see* 28 U.S.C. § 2254(e)(1). On direct appeal, the Indiana Court of Appeals summarized the relevant facts and procedural history as follows:

> In 2007, after a year-long surveillance operation of a residence on North Pershing Avenue in Marion County, the Indianapolis Metropolitan Police Department

(IMPD) suspected that the residence was used as a facility for the manufacture of cocaine. IMPD observed Garrett, along with several other individuals, frequent the residence approximately eight to ten times over the course of the surveillance. While conducting surveillance on July 24, 2007, Detective Jake Hart observed Garrett and two others park near the residence and carry a large duffle bag full of rifles.

On August 14, 2007, officers with IMPD's narcotic[s] division executed a 'no-knock' search warrant on the residence. SWAT team members Detective Garry Riggs, Sergeant Robert Stradling, and Officer Baker breached the residence through the front door using a battering ram. During this time, police officers loudly announced, '[P]olice, search warrant. Everybody get down on the ground!'

Upon entering the house, Detective Riggs and Sergeant Stradling noticed Garrett repeatedly popping out of the second bedroom, approximately ten to twelve feet away from them. Garrett again and again pointed a semi-automatic handgun at Detective Riggs and Sergeant Stradling. Each time, he attempted to fire the handgun, but it misfired. A second SWAT team entered the residence from the rear and secured Garrett in the second bedroom. Three other individuals were also in the house and arrested during the execution of the search warrant.

The police then searched the residence for evidence. In the kitchen, police recovered cocaine, digital scales, over $8,000, and an assault rifle. In the second bedroom, where police apprehended Garrett, they found a silver and black Smith & Wesson .40 caliber semi-automatic handgun within arm's length of Garrett. No other suspects were in the second bedroom. In the living room, police recovered an additional assault rifle, two handguns, and a magazine for the handgun found near Garrett. The weapons in the living room were within ten feet of where Garrett had stood in the second bedroom.

On August 22, 2007, the State charged Garrett under Cause Number 49G20-0708-FA-167078 (FA-167078) with: conspiracy to commit dealing in cocaine, a Class A felony; dealing in cocaine, a Class A felony; possession of cocaine, a Class C felony; possession of a firearm by a serious violent felon (possession of a firearm by a SVF), a Class B felony; and pointing a firearm, a Class D felony. On January 22, 2009, the State moved to dismiss the charges, and the trial court granted the motion.

On August 22, 2009, the State charged Garrett, along with four other defendants, with: Count I, conspiracy to commit dealing in cocaine, a class A felony; Count II, dealing in cocaine, a class A felony; Count III, possession of cocaine, a class C felony; Count IV, possession of a firearm by a serious violent felon (possession of a firearm by a SVF), a class B felony; Count V, pointing a firearm, a class D felony; and Count VI, possession of cocaine and a firearm, a class C felony. After a two-day jury trial on Counts I, II, III, V, and VI, the jury found Garrett guilty on Counts, I, V, and VI. The jury convicted Garrett on a lesser included offense on Count III

and acquitted him on Count II.

> Garrett waived his right to a jury trial on Count IV, possession of a firearm by a SVF and, on November 24, 2010, the trial court found Garrett guilty. At the sentencing hearing, the court entered convictions on conspiracy, possession of a firearm by a SVF, and pointing a firearm. Because of double jeopardy, the court found that the lesser included offense for possession of cocaine merged with the conspiracy conviction, and that possession of cocaine and a firearm merged with conspiracy and possession of a firearm by a SVF. The trial court sentenced Garrett to forty years for conspiracy and twelve years for possession of a firearm by a SVF, both to run concurrently. For pointing a firearm, the court sentenced Garrett to three years to run consecutively to the sentences for conspiracy and possession of a firearm by a SVF, for a total executed term of forty-three years in the Department of Corrections.

*Garrett v. State*, 953 N.E.2d 676 (Ind. Ct. App. 2011).

Mr. Garrett's convictions were affirmed on direct appeal and the Indiana Supreme Court denied transfer. Dkts. 17-7, 17-12. On May 10, 2012, Mr. Garrett filed a petition for post-conviction relief. During the evidentiary hearing, Mr. Garrett's post-conviction counsel raised two claims of ineffective assistance of counsel. First, he argued ineffective assistance of trial counsel for the following reasons: failing to file a motion to suppress evidence; failing to make proper objections at trial; failing to effectively cross-examine the State's witness at trial; and failing to file a motion to dismiss under Criminal Rule 4. Dkt. 17-9, p. 34. Second, he argued ineffective assistance of appellate counsel for the following reasons: failing to argue that the criminal charges should have been discharged pursuant to Criminal Rule 4; and failing to argue sufficiency of the evidence. Dkt. 17-9, p. 36.

The post-conviction court denied the petition. Dkt. 17-9, pp. 29-39. With respect to trial counsel's performance, the post-conviction court found that Mr. Garrett failed to meet his burden of proof to show that counsel made errors so serious they resulted in a denial of the right to counsel guaranteed under the Sixth Amendment. Dkt. 17-9, pp. 35-36. Similarly, as to appellate counsel, the post-conviction court found that Mr. Garrett failed to meet his burden of proof to show that

counsel made errors so serious they resulted in a denial of the right to counsel guaranteed under the Sixth Amendment. Dkt. 17-9, p. 37.

On appeal from the denial of post-conviction relief, Mr. Garrett claimed that: 1) his trial counsel was ineffective for failing to move to suppress evidence obtained as a result of an allegedly illegal search and failing to file a proper motion to dismiss and/or discharge for the violation of Indiana Criminal Rule 4; and 2) he was denied a procedurally fair post-conviction relief hearing. Dkt. 17-9; dkt. 17-12, pp. 5-6. Mr. Garrett also argued that his direct appeal counsel rendered ineffective assistance by failing to raise the Indiana Criminal Rule 4 issue on appeal and for failing to challenge the "sufficiency of the evidence for his conviction of conspiracy to commit dealing in cocaine." Dkt. 17-12, p. 18. Finally, Mr. Garrett argued that his post-conviction counsel was ineffective because he "should have amended his petition for post-conviction relief to add other claims, submitted additional evidence at the hearing, and submitted proposed findings of facts and conclusions thereon." Dkt. 17-9, pp. 6, 24-27; dkt. 17-12, p. 24.

On November 5, 2015, the Indiana Court of Appeals affirmed the denial of post-conviction relief. Dkt. 17-12. On transfer to the Indiana Supreme Court, Mr. Garrett raised only two issues: 1) the Indiana Court of Appeals erred when it incorrectly applied the law with respect to his argument that his criminal charges should have been dismissed pursuant to Indiana Criminal Rule 4; and 2) whether his direct appeal counsel was ineffective for failing to challenge the sufficiency of the evidence with respect to his conviction for conspiracy to commit dealing in cocaine. Dkt. 17-13, pp. 6-7. On March 31, 2016, the Indiana Supreme Court denied transfer. Dkt. 17-2, p. 7.

Mr. Garrett filed this action on November 29, 2016. Dkt. 1. The Court previously denied his first four grounds for relief and claims 3, 5, 7, 8, and 9 of his fifth ground for relief and ordered the parties to brief claims 1, 2, 4, and 6, made in his fifth ground for relief. Dkt. 23.

4

The claims remaining for resolution in this action are that Mr. Garrett's post-conviction counsel was ineffective for failing to amend the petition for post-conviction relief to raise the following four instances of trial counsel's deficient performance:

> 1. Trial counsel's failure to file a pre-trial motion to preclude statement regarding "latex gloves" as such evidence was not photographed, collected at the scene, or acknowledged in the detective's probable cause affidavit;
>
> 2. Trial counsel's failure to seek to preclude, either through a timely motion in limine or timely objection, reference to the location on North Pershing Avenue as a "stash house";
>
> 3. [claim 5, subpart 4] Trial counsel's failure to move for a mistrial after Detective Hart stated, before the jury, he knew why all four (4) men, including Garrett, arrested at North Pershing wore gloves and that the purpose was some form of "retaliation";
>
> 4. [claim 5, subpart 6] Trial counsel's failure to move to preclude, either through a timely motion in limine or through timely objection jurors from viewing cumulative photographs of various weapons and alleged narcotics as the probative value of the photographs was far outweighed by their unfair prejudicial effect.

Dkt. 5, pp. 5-6.

## II.
## Applicable Law

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") directs how the Court must consider petitions for habeas relief under § 2254. "In considering habeas corpus petitions challenging state court convictions, [the Court's] review is governed (and greatly limited) by AEDPA." *Dassey v. Dittmann*, 877 F.3d 297, 301 (7th Cir. 2017) (en banc) (citation and quotation marks omitted). "The standards in 28 U.S.C. § 2254(d) were designed to prevent federal habeas retrials and to ensure that state-court convictions are given effect to the extent possible under law." *Id.* (citation and quotation marks omitted).

5

A federal habeas court cannot grant relief unless the state court's adjudication of a federal claim on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"The decision federal courts look to is the last reasoned state-court decision to decide the merits of the case, even if the state's supreme court then denied discretionary review." *Dassey*, 877 F.3d at 302. "Deciding whether a state court's decision 'involved' an unreasonable application of federal law or 'was based on' an unreasonable determination of fact requires the federal habeas court to train its attention on the particular reasons—both legal and factual—why state courts rejected a state prisoner's federal claims, and to give appropriate deference to that decision[.]" *Wilson v. Sellers*, 138 S. Ct. 1188, 1191-92 (2018) (citation and quotation marks omitted). "This is a straightforward inquiry when the last state court to decide a prisoner's federal claim explains its decision on the merits in a reasoned opinion." *Id.* "In that case, a federal habeas court simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." *Id.*

"For purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Id.* "If this standard is difficult to meet, that is because it was meant to be." *Id.* at 102. "The issue is not whether federal judges agree with the state court decision or even whether the state court decision was correct.

The issue is whether the decision was unreasonably wrong under an objective standard." *Dassey*, 877 F.3d at 302. "Put another way, [the Court] ask[s] whether the state court decision 'was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Id.* (quoting *Richter*, 562 U.S. at 103). "The bounds of a reasonable application depend on the nature of the relevant rule. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Schmidt v. Foster*, 911 F.3d 469, 477 (7th Cir. 2018) (en banc) (citation and quotation marks omitted).

A freestanding claim of ineffective assistance of post-conviction counsel is not a basis of relief. The ineffectiveness of counsel during state collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254. *Coleman v. Thompson*, 501 U.S. 722, 725 (1991). Thus, to the extent Mr. Garrett's argues post-conviction counsel was ineffective, this is not a basis for relief. However, a claim of ineffective assistance of post-conviction counsel may be used to excuse the procedural default of a claim of ineffective assistance of trial counsel.

Recently, a divided panel of the Seventh Circuit held that the doctrine of *Martinez v. Ryan*, 566 U.S. 1 (2012) and *Trevino v. Thaler*, 569 U.S. 413 "applies to Indiana procedures governing ineffective assistance of trial counsel claims." *Brown v. Brown*, 847 F.3d 502, *reh'g en banc denied*, 869 F.3d 507 (7th Cir. 2017) (cert. denied). Stated another way, a petitioner may overcome procedural default of a claim of ineffective assistance of trial counsel by demonstrating ineffective assistance of post-conviction counsel for failing to raise a substantial claim of ineffective assistance of trial counsel.

**III.**
**Discussion**

Because the Court finds that none of the four remaining issues raised by Mr. Garrett constitute ineffective assistance of his trial counsel, the Court will bypass the more difficult *Brown* analysis of whether Mr. Garrett can overcome procedural default of these claims by showing that his post-conviction counsel was ineffective for failing to raise them in his state post-conviction proceedings.[1] *See Washington v. Boughton*, 884 F.3d 692, 698 (7th Cir. 2018) ("Rather than work our way through the maze of these procedural arguments, however, we think it best to cut to the chase and deny [the petitioner's] due process claim on the merits."); *id.* at 698 (explaining why bypassing a question of procedural default to deny a claim on the merits is "consistent with the interests of comity, finality, federalism, and judicial efficiency that are at the heart of both the exhaustion requirement and the procedural default doctrine"); *see also Brown v. Watters*, 599 F.3d 602, 610 (7th Cir. 2010) (concluding that it is appropriate to bypass a "difficult" procedural default question and "proceed to adjudicate the merits" when it is "clear" the petition should be denied on the merits).

---

[1] The Court notes that the state post-conviction relief docket contains evidence that the trial court denied a motion to amend Mr. Garrett's petition, although it is not clear whether the motion was filed by Mr. Garrett's counsel or by Mr. Garrett himself. Dkt. 17-1, p. 10. Furthermore, Mr. Garrett's post-conviction petition raised multiple claims of trial counsel ineffective assistance of counsel and appellate ineffective assistance of counsel. To succeed in showing that his post-conviction counsel was ineffective, Mr. Garrett would have to demonstrate that the instances of ineffective assistance of counsel he argues his counsel should have raised were clearly stronger than those his counsel pursued. *Brown v. Brown*, 847 F.3d 502, 514 (7th Cir. 2017), *cert. denied*, 138 S. Ct. 1547, 200 L. Ed. 2d 740 (2018). Because the claims Mr. Garrett argues his counsel should have raised are weak, it is unlikely this standard is met.

**A. Failure to Suppress or Object to Latex Glove Testimony**

Mr. Garrett argues that his trial counsel was ineffective for failing to move to suppress or object to uncorroborated testimony from police officers that Mr. Garrett wore latex gloves. To prevail on this claim, Mr. Garrett must show that either a motion to suppress this evidence would have been granted or that an objection to it would have been sustained. *Jones v. Brown*, 756 F.3d 1000, 1008-9 (7th Cir. 2014).

Mr. Garrett asserts that the latex-glove testimony was highly prejudicial because it was the only evidence supporting the conspiracy charge against him. He also asserts that police officers had a duty to preserve any latex gloves found at the scene as exculpatory evidence. Dkt. 40, p. 6. But as the respondent argues, evidence of the latex gloves was not exculpatory. Instead, the gloves were inculpatory evidence of Mr. Garrett's and his co-conspirator's desire to not leave fingerprints. Although the testimony that Mr. Garrett was wearing latex gloves was certainly damaging to case, he has provided no viable reason for its exclusion by the trial court. His argument seems to be that the officers were lying because there was no other evidence that latex gloves were found at the scene,[2] but Mr. Garrett's trial counsel cross-examined the officers about the gloves and it was up to the jury to decide their credibility. Mr. Garrett is not entitled to relief on this issue because his trial counsel did not perform deficiently.

**B. Failure to File Motion for Order *in limine* or Object to "Stash House" Testimony**

Mr. Garrett argues that his trial counsel was ineffective for failing to file a motion for order *in limine* to exclude, or object to, Detective Hart's testimony that the location of the crime was a "stash house." But trial counsel did object and that objection was overruled. Dkt. 40, p. 7; Trial

---

[2] Although Mr. Garrett claims that latex glove evidence was not photographed, dkt. 40, p. 6, latex gloves can be seen in several photographs admitted into evidence at trial. See Trial Exs. 4-8;10.

Tr. 49-52. It was not deficient performance to fail to renew the objection when Detective Hart continued to testify regarding the "stash house." And because the trial court made clear that the testimony was admissible, it was not deficient performance to fail to file a motion for order *in limine* regarding the "stash house" testimony.

In Indiana, a skilled witness may offer opinion testimony even if he is not offered as an expert. A skilled witness is a person with "a degree of knowledge short of that sufficient to be declared an expert under [Indiana Evidence] Rule 702, but somewhat beyond that possessed by the ordinary jurors." *Kubsch v. State*, 784 N.E.2d 905, 922 (Ind. 2003). The skilled witness may give an opinion "(a) rationally based on the witness's perception; and (b) helpful to a clear understanding of the witness's testimony or to a determination of a fact in issue." Ind. Evid. R. 701; *See Davis v. State*, 791 N.E.2d 266, 269 (Ind. Ct. App. 2003) (a skilled police witness may testify that evidence was demonstrative of intent to deliver as opposed to mere possession). The trial court reasonably determined the officer at issue in the present case to be a skilled witness based on his testimony regarding his training and experience with narcotics investigations. Trial Tr. 49-52.

The Seventh Circuit has long held that "[c]ounsel is not ineffective for failing to raise meritless claims." *Warren v. Baenen*, 712 F.3d 1090, 1104 (7th Cir. 2013); *Stone v. Farley*, 86 F.3d 712, 717 (7th Cir. 1996) ("Failure to raise a losing argument, whether at trial or on appeal, does not constitute ineffective assistance of counsel."). Mr. Garrett is not entitled to relief on this basis.

### C. Failure to Move for Mistrial

Mr. Garrett argues that his trial counsel was ineffective for failing to move for a mistrial after Detective Hart testified that Mr. Garrett wore latex gloves because he was expecting "retaliation." Mr. Garrett's counsel objected before Detective Hart could finish his answer and that

objection was sustained so the jury never heard any explanation for why Mr. Garrett would be expecting retaliation, or from whom. Trial Tr. 103-106. Furthermore, the Court admonished the jury to disregard the beginning of Detective Hart's answer. *Id.* at 106. In Indiana, a trial court's admonishment to the jury is presumed to cure any error in the admission of evidence. *Isom v. State*, 31 N.E.3d 469, 481 (Ind. 2015).

Moreover, "a mistrial is an extreme remedy that is only justified when other remedial measures are insufficient to rectify the situation." *Mickens v. State*, 742 N.E.2d 927, 929 (Ind. 2001); *see also Pittman v. State*, 885 N.E.2d 1246, 1255 (Ind. 2008). There is no reason to believe that the trial court's admonishment was insufficient in this instance, nor that the brief mention of retaliation, without any explanation or context, was so prejudicial or inflammatory that it endangered Mr. Garrett's access to a fair trial. Accordingly, any motion for a mistrial would have been denied and he is not entitled to relief on this basis.

### D. Failure to File Motion for Order *in limine* or Object to Cumulative Photographs

Mr. Garrett argues that his trial counsel was ineffective for failing to move to preclude, either through a timely motion *in limine* or through timely objection, jurors from viewing 21 cumulative photographs of various weapons and alleged narcotics as the probative value of the photographs was far outweighed by their unfair prejudicial effect.

Indiana courts allow photographs to be admitted at trial if they act as interpretative aids for the jury and have strong probative value. *Corbett v. State*, 764 N.E.2d 622, 627 (Ind. 2002). "To exclude them from evidence because they are cumulative, the defendant must show that the probative value is substantially outweighed by the needless presentation of cumulative evidence." *Harrison v. State*, 699 N.E.2d 645, 648 (Ind. 1998); Indiana Rule of Evidence 403.

11

Here, the twenty-one allegedly cumulative photographs were used to illustrate the crime scene as witnesses described the scene in their testimony. For example, Officer Robert Stradling referred to several of the photographs as he described where Mr. Garrett was when he attempted to shoot officer Stradling. Tr. Trans. 160-165. Although a few of the photographs display the same weapon, it was made clear to the jury that the weapon in one photograph was the same weapon shown in another photograph. See, e.g., Tr. Trans. 143-144. The twenty-one photographs were useful aids to the jury. The probative value of the photographs clearly outweighed any potential prejudice. The photographs were therefore admissible and it was not deficient performance for Mr. Garrett's trial counsel to fail to file a motion *in limine* or object to the them at trial.

## IV.
## Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In deciding whether a certificate of appealability should issue, "the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck*, 137 S. Ct. at 773 (citation and quotation marks omitted).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Mr. Garrett's grounds for relief lack merit and jurists of reason

12

would not disagree with the Court's resolution of his claims. Therefore, a certificate of appealability is **denied**.

## V.
## Conclusion

Mr. Garrett's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **denied** and a certificate of appealability shall not issue.

Final Judgment in accordance with this decision shall issue.

**IT IS SO ORDERED.**

Date: 5/28/2019

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Henry A. Flores, Jr.
INDIANA ATTORNEY GENERAL
henry.flores@atg.in.gov

Kelly A. Loy
OFFICE OF THE INDIANA ATTORNEY GENERAL
kelly.loy@atg.in.gov

Mark Small
ATTORNEY AT LAW
marksmall2001@yahoo.com

Eqwan Garrett, # 108371
Correctional Industrial Facility
5124 W. Reformatory Road
Pendleton, IN 46064